Case 2:21-cv-00233   Document 14   Filed on 07/15/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHEN TARLTON DOUGHERTY, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00233 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that Respondent's motion for summary judgment (D.E. 6) be granted and Petitioner Dougherty's habeas corpus petition (D.E. 1) be denied. The M&R further recommends that a Certificate of Appealability ("COA") be denied. Petitioner timely filed objections to the M&R on July 11, 2022. (D.E. 13). When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

First, Petitioner argues that his habeas corpus petition should be granted because the prosecution used false testimony to obtain his conviction, in violation of his due process rights under the Fifth and Fourteenth Amendments. (D.E. 13, p. 4). However, contrary to Petitioner's assertions, he has not shown that there was any false testimony given at trial or that the prosecution knew the testimony was false. Petitioner claims the violation occurred when a prosecution's

witness corrected her initial assumption that the victim was fifteen rather than thirteen when the sexual assault occurred. (D.E. 13, p. 6). However, the witness' prior inconsistent statement only goes to the credibility of the witness's testimony, and the jury's decision to resolve credibility issue in favor of the prosecution did not infringe upon Petitioner's due process rights. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). As such, Petitioner's objection on this issue is **OVERRULED**.

Second, Petitioner argues that his right to confront the witnesses against him was violated because the prosecution never satisfied its burden to show that the letter to Bishop Mulvey contained nontestimonial hearsay, as the trial judge overruled Petitioner's objections before the prosecution offered any response. (D.E. 13, p. 8). Even if Petitioner is correct in his assertion that the prosecution should have explained on the record why the letter was admissible, it was harmless error because the statements in Benavidez's letter were nontestimonial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding that the confrontation clause does not apply to nontestimonial hearsay evidence). Mr. Benavidez's letter was addressed to Bishop Mulvey, a church official, rather than law enforcement, and the primary purpose of the letter was not to create an out-of-court substitute for trial testimony, but to protect others from Petitioner's abuse and to assist in Petitioner's own recovery. *See Davis v. Washington*, 547 U.S. 813, 822 (2006). Accordingly, the Court **OVERRULES** Petitioner's objection on this issue.

Third, Petitioner argues that his Sixth Amendment right to compulsory process was violated when the trial court granted a motion to quash a subpoena for Rhonda Visser, a Department of Family and Protective Services ("DFPS") intake officer who Petitioner claims could have impeached the alleged false testimony regarding the minor victim's age at the time of the sexual assault. The M&R concluded that Visser's testimony constituted hearsay not subject to

an exception, and moreover, any testimony offered by Visser would have been cumulative. (D.E. 12, p. 25). After making a de novo review, the Court agrees and **OVERRULES** Petitioner's objection on this issue.

Fourth, Petitioner objects to the M&R's recommendation that Respondent's motion for summary judgment be granted. (D.E. 13, p. 17). Specifically, Petitioner contends that the state court did not adjudicate the merits of his claims. *Id.* After a de novo review, the Court adopts the reasoning set forth in the M&R and **OVERRULES** Petitioner's objection on this issue.

Lastly, Petitioner objects to the M&R's recommendation that a Certificate of Appealability be denied. (D.E. 13, p. 17–19). After a de novo review of the M&R's findings, the Court **OVERRULES** Petitioner's objection.

Having made a de novo disposition of the portions of the M&R to which Respondent's objections were directed, the Court **OVERRULES** Respondent's objections and **ADOPTS** the M&R (D.E. 12) in its entirety. Accordingly:

(1) Respondent's motion for summary judgment is **GRANTED** (D.E. 6);

(2) Dougherty's habeas corpus petition is **DENIED** (D.E. 1); and

(3) A Certificate of Appealability is **DENIED**.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
July 15, 2022